State v. Metz.

THE STATE, THE DELAWARE AND EASTON BRIDGE COMPANY, prosecutors, *vs.* METZ, Collector of Phillipsburgh.

1. The abutment and piers of the bridge crossing the Delaware river from Phillipsburgh to Easton are taxable as real estate in the township of Phillipsburgh, to the centre of the river.

2. If the property is assessed to the company as real estate the assessment is good, and it makes no difference whether the interest of the company is leasehold or fee simple.

3. The township of Phillipsburgh is bounded on one side by the Pennsylvania line (*Laws of 1851, page*, 188,) and that line being in the centre of the Delaware river, all real estate to that point within the bounds of the township of Phillipsburgh is taxable in that township.

*Certiorari* in matter of taxation.

Argued at June Term, 1860, before Justices WHELPLEY and VREDENBURGH.

*Richey*, for plaintiffs in *certiorari*.

*Depue*, for defendant.

The opinion of the court was delivered by

WHELPLEY, J. Are the abutment and piers of the bridge over the Delaware at Easton, to the centre of the river, taxable in the township of Phillipsburgh, Warren county? This is the case presented for decision.

The prosecutors, the proprietors of the bridge, were chartered, both by Pennsylvania and New Jersey, in 1795. The supplement to the act concerning taxes, passed March 3d, 1854, declares all real estate of corporations liable to taxation, unless specially exempted by their charters, whether represented by their capital stock or not. Such is the true construction of the act. The 7th section of the act of March 17th, 1854, (*Nix. Dig.*,) declares an assessment valid, notwithstanding any mistake in the name of the owners of the land. By force of that section,

if the land be described it may be sold, although assessed to the wrong person ; the effect is to make it a tax on the land, not on the person as the owner of it, consequently the objection that the interest of the prosecutors is leasehold, and not in fee, cannot prevail.

Again, it was objected that the land lies without the township of Phillipsburgh.

The land is taxable if in this state and in the township. The boundary line between this state and Pennsylvania, above the falls of the Delaware, extends to the middle of the river, is the medium *filum aquæ.* The compact of 1783 between the two states is based upon this idea, takes it for granted.

In this question the contracting parties only are interested. The one-half of the bridge lies in this state. Is it in Phillipsburgh township ?

The act establishing the township of Phillipsburgh (*Laws of* 1851, 188,) declares that all that portion of the townships of Greenwich and Harmony, in the county of Warren, lying within the boundaries and descriptions following, to wit, beginning in the Pennsylvania line in the river Delaware one mile below the middle of the Lopatcong creek, where it empties into the said river Delaware, (thence running different courses until it strikes) the line between the states of New Jersey and Pennsylvania; thence down the said line in the river Delaware to the place of beginning, shall be and hereby is set off from the townships of Greenwich and Harmony, in the county of Warren, and made a separate township, to be called and known as the township of Phillipsburgh. This act only sets off so much of the two townships as lies within the limits set out into the new township of Phillipsburgh.

If Greenwich and Harmony bounded on the middle line of the river, Phillipsburgh does so also. No act setting off Greenwich, which alone comes to the river, can be found. I presume it was one of the precincts of the county of Sussex, of which it was once a part. These

precincts were set off by commissioners appointed under the act erecting the county of Sussex, passed June 8th, 1753, to be found in Allinson's Laws.

What the western boundary of the precinct of Greenwich was, as set off by the commissioners, has not been shown to the court. The records of these precincts are in the clerk's office of Sussex county.

The act erecting Phillipsburgh asserts, by necessary implication, that Greenwich extended to the middle of the river, and in the absence of proof to the contrary it must be so considered.

As the property taxed is within this state and within the township of Phillipsburgh, I am of opinion that the taxation was by competent authority and the property taxable, and that the assessment must be affirmed.

CITED *in State* v. *Metz,* 2 *Vr.* 382; *State* v. *Metz,* 3 *Vr.* 200.